**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FRANKLIN HASSELL,
Plaintiff-Appellant,

v.

CITY OF CHESAPEAKE, VIRGINIA, a
municipal Corporation,
Defendant-Appellee,

No. 99-2304

and

ELAINE MORIN, individually and in
her official capacity as a supervisor
with the City of Chesapeake's
Tidewater Detention Home,
Defendant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CA-98-736-2)

Submitted: July 27, 2000

Decided: September 18, 2000

Before MURNAGHAN* and NIEMEYER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

*Judge Murnaghan participated in the consideration of this case but
died prior to the time the decision was filed. The decision is filed by a
quorum of the panel pursuant to 28 U.S.C. section 46(d).

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Andrew M. Sacks, SACKS & SACKS, Norfolk, Virginia, for Appellant. T. Jeffrey Salb, Darlene P. Bradberry, BREEDEN, MACMILLAN & GREEN, P.L.C., Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Franklin Hassell appeals the district court's entry of summary judgment in favor of the City of Chesapeake in this 42 U.S.C.A. § 1983 (West Supp. 2000) action. We affirm.

While employed by Chesapeake's juvenile detention center, Hassell was ordered to undergo drug testing based on a report from a co-worker, although administrators in Hassell's department found the report unsubstantiated. The district court ruled that Chesapeake was not liable for this order because it was not the product of a municipal custom or policy. We agree. Hassell was tested pursuant to an exercise of discretion, not a declaration of municipal policy. See Greensboro Prof'l Fire Fighters Ass'n, Local 3157 v. City of Greensboro, 64 F.3d 962, 965-66 (4th Cir. 1995). Furthermore, there is no evidence that Chesapeake agencies customarily test their employees in similar circumstances or that city policymakers are aware of such a custom. See Spell v. McDaniel, 824 F.2d 1380, 1386-87 (4th Cir. 1987). Accordingly, even if a constitutional violation occurred in this case (which we do not decide), Chesapeake may not be held liable for it. See Monell v. Department of Soc. Servs., 436 U.S. 658, 694 (1978).

2

For the foregoing reasons, we affirm the entry of summary judgment in favor of Chesapeake. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED